[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11335

_____

D.C. Docket Nos. 5:14-cv-00452-JSM-PRL; 8:03-cr-00294-JSM-EAJ-1

ROBERT GRIFFIN BROWN,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - LOW,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 1, 2016)

Before HULL, JULIE CARNES, and BARKSDALE,[*] Circuit Judges.

HULL, Circuit Judge:

_____

[*]Honorable Rhesa H. Barksdale, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Petitioner Robert Griffin Brown appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, which he brought pursuant to the 28 U.S.C. § 2255(e) savings clause.  Brown's appeal raises a novel issue requiring us to interpret the fourth prong of the jurisdictional test announced in <u>Bryant v. Warden, FCC Coleman – Medium</u>, 738 F.3d 1253, 1274 (11th Cir. 2013), which requires a petitioner to establish that his current detention exceeds the statutory maximum authorized by Congress.

Petitioner Brown is serving 3 concurrent 188-month sentences on each of his 3 counts of conviction: 2 drug-distribution offenses and a felon-in-possession-of-a-firearm offense.  He challenges his sentence for the felon-in-possession offense.  Because the drug convictions authorize his 188-month sentence, the government argues his overall detention is not illegal.

We agree and hold that, in order to meet <u>Bryant</u>'s fourth prong, a § 2241 petitioner serving multiple concurrent sentences must demonstrate that his overall sentence exceeds the allowable statutory maximum for each of the counts of conviction.  In other words, the petitioner must show that, as a result of sentencing error, he will be in prison-custody or detention for longer than <u>any</u> of his statutes of conviction authorize.

Here, Petitioner Brown cannot "open a portal" to the § 2255(e) savings clause because his 188-month sentence on his firearm offense, even if now illegal,

is equivalent to and wholly concurrent with his 188-month drug sentences that are not illegal.

## I. BACKGROUND

In July 2003, Robert Griffin Brown was indicted for: (1) possessing 50 grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii); (2) possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and (4) carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).  Brown pled guilty to all four offenses.

Brown's presentence investigation report ("PSI") set out the statutory sentencing ranges for each count of conviction.  It determined that Brown was subject to: (1) 10 years to life imprisonment for the cocaine-base-possession offense; (2) 0 to 20 years' imprisonment for the cocaine-possession offense; (3) 15 years to life imprisonment for the firearm-possession offense; and (4) a mandatory consecutive sentence of 5 years to life imprisonment for the § 924(c) offense.

According to the PSI, Brown was subject to an enhanced statutory sentence on the firearm conviction in Count 3, in accordance with the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  The PSI determined that Brown had the following three ACCA-predicate convictions for serious drug

3

offenses or violent felonies: (1) a 1982 Florida conviction for sale and possession of cocaine; (2) another 1982 Florida conviction for sale and possession of cocaine; and (3) a 1988 Florida conviction for carrying a concealed firearm.[1]  Brown committed his two 1982 cocaine offenses on separate dates.

The PSI grouped Counts 1, 2, and 3 together and, because Brown was an armed career criminal under the ACCA, applied the armed career criminal sentencing guidelines enhancement under U.S.S.G. § 4B1.4.  Ultimately, Brown's guidelines range for those counts was 188 to 235 months' imprisonment, based on a total offense level of 31 and a criminal history category of VI.

Brown did not object to the PSI, and the district court adopted the PSI's factual statements and guidelines calculation.  In 2004, the district court sentenced Brown to concurrent 188-month sentences on Counts 1, 2, and 3, and sentenced him to a 60-month sentence for Count 4, to be served consecutively to the 188-month sentences, for a total of 248 months' imprisonment.  At the time that Brown was sentenced, the guidelines were mandatory.  Brown did not file a direct appeal.[2]

In March 2005, Brown filed a 28 U.S.C. § 2255 motion to vacate, in which he raised claims of ineffective assistance of counsel.  None of the claims related to

---

[1] Brown's PSI also listed as a serious drug offense Brown's 1988 Florida conviction for possession of cocaine, but the government does not rely on that offense as a qualifying ACCA predicate.

[2] In 2013, Brown eventually filed a belated appeal, which he voluntarily dismissed. Brown alleges that he reached an agreement with the government that he would dismiss his 2013 appeal and pursue his claims in the instant § 2241 petition.

4

the ACCA enhancement or the sentencing guidelines calculation. In July 2006, the district court denied the § 2255 motion and a certificate of appealability. In December 2006, this Court likewise denied a certificate of appealability.

## II.  SECTION 2241 PETITION

In August 2014, Brown filed the instant § 2241 petition, arguing that he no longer qualified for an enhanced sentence under the ACCA or U.S.S.G. § 4B1.4, based on the U.S. Supreme Court's intervening decision Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008), overruled in part on other grounds by Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). Brown stated that Begay established that, contrary to this Court's precedent at the time of his sentencing and § 2255 motion, the Florida crime of carrying a concealed firearm was not an ACCA-predicate violent felony. Brown claimed that he was incorrectly sentenced under the ACCA because he actually had only two predicate convictions, instead of the required three. Therefore, his 188-month sentence for possessing a firearm as a convicted felon exceeded the applicable statutory maximum of 120 months' imprisonment, and he needed to be resentenced within the appropriate statutory range.

Brown also claimed that his guidelines range should be recalculated because the district court erred in applying the § 4B1.4 enhancement, which is predicated on a defendant's status as an armed career criminal under the ACCA. According

5

to Brown, because the erroneous guidelines calculation controlled his sentences for Counts 1, 2, and 3, he had to be resentenced without the guidelines enhancement on all three counts.[3] Brown argued that the savings clause was the appropriate vehicle for this relief and that he met the Bryant standard.

The government responded that the district court lacked subject matter jurisdiction over Brown's petition because he failed to satisfy the Bryant requirements for accessing the § 2255(e) savings clause. The government conceded that Brown had met the first three Bryant prongs because: (1) his ACCA challenge was foreclosed by binding precedent during his sentencing and § 2255 proceedings; (2) Begay overturned that binding precedent; and (3) Begay applies retroactively on collateral review. However, according to the government, Brown could not satisfy the fourth prong by showing that, due to Begay error, his sentence exceeded the statutory maximum. The government claimed that Brown's total sentence for Counts 1, 2, and 3 was still below the statutory maxima for the concurrently-running drug offenses. Therefore, Brown was not "in custody in violation of the Constitution or laws or treaties of the United States," as required for habeas relief, because his total sentence and detention were legal. Lastly, the

[3]Without the U.S.S.G. § 4B1.4 enhancement, the parties agree that Brown's total offense level would have been 29 and his criminal history category III. His guidelines range, irrespective of any statutory minimums and maximums, would have been 108 to 135 months' imprisonment.

6

government asserted that the savings clause does not empower courts to adjust guidelines calculations.

In his reply, Brown asserted again that the district court had jurisdiction to review his ACCA claim and resentence him on Count 3.  He argued that the government's reasoning would require the district court to ignore the statutory maximum created by Congress and violate separation-of-powers principles. Brown conceded that the district court lacked jurisdiction under the savings clause to resentence him on the drug offenses to correct the guidelines error; but he asserted that, under the sentencing package doctrine, the district court had a separate jurisdictional basis to resentence him as a matter of discretion on Counts 1 and 2 when it recalculated his sentence for the § 922(g) firearm offense.  Brown argued that his sentences on Counts 1, 2, and 3 were part of the "same sentencing package."

The district court held a hearing on the § 2241 petition, at which the parties reiterated their arguments.  Afterward, the district court issued an order dismissing Brown's petition for lack of jurisdiction.  The court noted that the parties did not contest the first three Bryant factors, and found that Brown could not make the requisite showing on the fourth Bryant factor.  It concluded that, though Brown's sentence for being a felon in possession of a firearm exceeded the statutory maximum for that particular count, his overall sentence was legal.

7

The district court reasoned that the language of the savings clause dictated this interpretation of Bryant's fourth prong.  It stated that § 2255(e) provides that a federal prisoner may file a § 2241 petition only when his prior § 2255 motion was "inadequate or ineffective to test the legality of [his] detention."  The district court determined that Congress' use of the term "detention" indicates that § 2255(e) is concerned with "whether the overall detention is legal," and "not whether a particular sentence itself is legal."  Therefore, unless a petitioner establishes that he is "being held without authorization by any congressional statute," the savings clause does not reach his claim.

As to the guidelines error, the district court stated that this Court's binding precedent squarely holds that the savings clause does not apply to guidelines-error sentencing claims.  See Gilbert v. United States, 640 F.3d 1293, 1312 (11th Cir. 2011) (en banc).  It also concluded that this Court, in Bryant, instructed that the proper remedy in a § 2241 proceeding predicated on ACCA error was to reduce the petitioner's ACCA sentence to the unenhanced ten-year statutory maximum.  It noted that the Bryant Court instructed that there was no need to hold a resentencing hearing to make this adjustment.  Based on this language, the district court stated that, even if it had jurisdiction to correct Brown's ACCA sentence, it would not be able to apply the sentencing package doctrine, and his total sentence would remain the same.

8

Brown appealed from this ruling, and after a thorough review of the parties' briefs and with the benefit of oral argument, we affirm the district court's judgment for the reasons that follow.

### III.  DISCUSSION

**A.    ACCA Enhancement**

Typically, a person convicted of being a felon in possession of a firearm is subject to a statutory maximum penalty of ten years' imprisonment.  18 U.S.C. § 924(a)(2).  A defendant is subject to an enhanced sentence under the ACCA, however, if he has three or more convictions committed on occasions different from one another that qualify as a "violent felony" or a "serious drug offense," as defined in the ACCA.  Id. § 924(e)(1).  An ACCA offender faces 15 years' to life imprisonment.  Id.

In 1996, this Court determined in United States v. Hall that the Florida offense of carrying a concealed weapon was a violent felony under the ACCA.  77 F.3d 398, 401-02 & n.3 (11th Cir. 1996), abrogated by Begay, 553 U.S. 137, 128 S. Ct. 1581.  In 2008, the Supreme Court decided Begay and held that violent felonies "involve purposeful, violent, and aggressive conduct."  553 U.S. at 144-45, 128 S. Ct. at 1586 (quotation marks omitted).  This Court recognized in 2009, in United States v. Canty, 570 F.3d 1251, 1255 (11th Cir. 2009), that, after Begay,

carrying a concealed firearm no longer qualifies as a violent felony under the ACCA.

Thus, from 1996 to 2009, prisoners like Brown were squarely foreclosed from challenging the use of a prior carrying-a-concealed-weapon conviction as an ACCA-predicate offense. Mackey v. Warden, FCC Coleman – Medium, 739 F.3d 657, 662 (11th Cir. 2014).

## B.    Savings Clause

Section 2255(e) provides that a prisoner may not file an application for a writ of habeas corpus if he has already filed a § 2255 motion, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). The emphasized language is the savings clause.

Whether a prisoner may bring a § 2241 petition under the § 2255(e) savings clause is a question of law that this Court reviews de novo. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1337 (11th Cir. 2013). The application of the § 2255(e) savings clause is a threshold jurisdictional issue. Id. The petitioner bears the burden of demonstrating that his original § 2255 motion was "inadequate or ineffective to test the legality of his detention." Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (quoting 28 U.S.C. § 2255(e)).

Notably, in <u>Bryant</u>, the petitioner was serving only one conviction and sentence.  738 F.3d at 1258.  This Court set out a five-part jurisdictional test for determining when the savings clause applies to a claim of sentencing error.  See <u>id.</u> at 1274.  In order to meet the <u>Bryant</u> test and establish that a court has jurisdiction to correct an erroneous ACCA sentence based on <u>Begay</u>, we stated that a petitioner must show that:

(1)    throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a);

(2)    subsequent to his first § 2255 proceeding, the Supreme Court's decision in <u>Begay</u>, as extended by this Court to [his] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim;

(3)    the new rule announced in <u>Begay</u> applies retroactively on collateral review;

(4)    as a result of <u>Begay</u>'s new rule being retroactive, [his] current sentence exceeds the 10-year statutory maximum authorized by Congress in § 924(a); and

(5)    the savings clause in § 2255(e) reaches his pure § 924(e)-<u>Begay</u> error claim of illegal detention above the statutory maximum penalty in § 924(a).

<u>Id.</u>

11

**C.     Analysis of Fourth <u>Bryant</u> Prong**

The parties agree that Brown has demonstrated that, in light of the timing of his conviction and § 2255 motion, and the retroactively-applicable circuit-busting precedent established in <u>Begay</u>, he can meet the first three prongs of the <u>Bryant</u> test.  The parties also agree that Brown's 188-month sentence on Count 3 exceeds the 120-month statutory maximum in § 924(a).

The dispositive question here is whether, in order to satisfy the fourth prong of <u>Bryant</u>, Brown must show further that his illegal sentence on Count 3 is above what Congress has authorized on every one of his concurrent counts of conviction.  In other words, we must decide whether Brown has to show that his aggregate 188-month detention for Counts 1, 2, and 3 is illegal.

Like the district court ruled and as the government argues, we conclude that Brown must show that his overall detention is illegal, which Brown has failed to do.  Brown cannot "open a portal" to the § 2255(e) savings clause by attacking the legality of just one of his concurrent sentences.

The § 2255(e) savings clause specifies that a prisoner may file a § 2241 petition when his § 2255 motion was "inadequate or ineffective to test the legality of his <u>detention</u>."  28 U.S.C. § 2255(e) (emphasis added).  When a prisoner has only one conviction and sentence, his detention is legal as long as his sentence is legal.  However, if a prisoner is serving multiple sentences, his detention may be

legal even if one of his sentences is not.  Therefore, a prisoner cannot show that his first § 2255 motion was inadequate or ineffective to test his "detention" unless his total sentence now exceeds the statutory maximum for each crime of conviction.  This is the showing required for the fourth Bryant prong.

Dictum in Bryant also supports this interpretation of "detention."  This Court explained in Bryant that a petitioner can access the savings clause when he "is being detained without authorization by any statute."  Bryant, 738 F.3d at 1283.  In essence, the Bryant Court was stating what we just concluded: a detention is legal (authorized by statute) so long as its length is within the statutory maximum for one of the counts of conviction.  So long as "any statute" supports the detention, it remains legal, and the petitioner cannot rely on the savings clause for relief.  See id.

Importantly, our conclusion today is in line with all of our current case law on the savings clause, which makes clear that § 2255(e), at best, "contains a very narrow exception to [the Antiterrorism and Effective Death Penalty Act's] prohibition on successive collateral relief."  Id. (emphasis added).  We have stated in the sentencing-error context that this exception applies only to "fundamental defect[s]."  See id. at 1281; Williams, 713 F.3d at 1343; Gilbert, 640 F.3d at 1319 n.20; Wofford v. Scott, 177 F.3d 1236, 1244-45 (11th Cir. 1999).  Put

simply, there is no fundamental defect when a prisoner is not serving more time, in total, than authorized by law.[4]

Applying this principle to Brown, we conclude that the district court lacked jurisdiction to entertain his § 2241 petition. While Brown's 188-month ACCA sentence was illegal, his 188-month detention was authorized by the statutory maxima for his drug crimes—life for possessing cocaine base with intent to distribute, and 20 years for possessing cocaine with intent to distribute. See 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), (b)(1)(C) (2003). As Brown's erroneous ACCA sentence is not causing him to remain in prison longer than authorized by any of his statutes of conviction, he has failed to satisfy the fourth Bryant prong and "open a portal" to the savings clause.[5]

## D.    Guidelines Error

As to Brown's claims that we should correct his guidelines range and resentence him on Counts 1, 2, and 3 without the U.S.S.G. § 4B1.4 enhancement, this Court has squarely held that "the savings clause of § 2255(e) does not permit a

---

[4]Even the dissent in Bryant recognized that the petitioner's case was exceptional because (contrary to the case before us now) Bryant was "in prison beyond the time allowed." See Bryant, 738 F.3d at 1291 (Martin, J., concurring in part and dissenting in part).

[5]Brown argues that our decision that he cannot be resentenced, at least on his conviction for being a felon in possession of a firearm, fails to respect separation-of-powers principles and Congress' intent in setting statutory maximum sentences. However, our decision today relates to federal courts' jurisdiction, and Congress has severely limited the power of federal courts to reach the merits of federal prisoners' § 2241 petitions. We must respect all of Congress' statutes, and in this case, the jurisdictional limitation imposed by Congress in this procedural posture.

14

prisoner to bring in a § 2241 petition a guidelines miscalculation claim . . . ." Gilbert, 640 F.3d at 1312.[6]  And because we have concluded that Brown is not entitled to be resentenced on Count 3, we need not address the applicability of the sentencing package doctrine.  Thus, we do not disturb any of his concurrent sentences.

## IV.  CONCLUSION

For all of the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

---

[6]Brown raises the guidelines-error issue to preserve it for possible future review as to the scope of § 2255(e).

15