JULIE CARNES, Circuit Judge,
Dissenting:
The majority grants Antrone Davis’s application to file a second or successive § 2255 application challenging his sentence enhancement under the Armed Career Criminal Act [ACCA], even though success on this motion will not undo any conviction that he has incurred or affect at all the sentence that he will still have to serve even should the enhancement be removed. In short, this grant will require an already busy district court and the parties to expend time on a futile venture: an exercise that is unnecessary given precedent permitting us to apply the concurrent sentence doctrine. I therefore respectfully dissent.
In 2002, Davis was convicted by a jury of possession of a firearm by a convicted felon (Count 1); possession of a controlled substance with the intent to distribute (Count 2); and using or carrying a firearm during a drug-trafficking offense (Count 3). He was subject to a minimum 5-year sentence for his conviction on Count 3 for carrying a firearm during a drug-trafficking offense, which sentence was required to run consecutively to the sentences imposed on Counts 1 and 2. The district court imposed that 5-year consecutive sentence as to Count 3, and it is not at issue here.
As to the drug charge in Count 2, the Presentence Investigation Report (PSR) recommended that Davis be sentenced as a career offender under the Sentencing Guidelines. The PSR noted that a defendant is a career offender when the offense of conviction is a controlled substance offense and the defendant has at least two prior felony convictions for a crime of violence or a controlled substance offense. The PSR noted that Davis had two such convictions: a 1995 conviction for the sale of cocaine and a 1995 conviction for resisting an officer with violence. Accordingly, the PSR indicated that Davis’s adjusted offense level was a 34, under § 4B1.1(B).
For purposes of Count 1 (the § 922(g) offense), the PSR indicated that Davis was an armed career criminal subject to the enhancement provided in 18 U.S.C. § 924(e) because he had at least three prior convictions for violent felonies. It did not identify the convictions supporting an ACCA enhancement.
At the sentencing hearing, Davis conceded that the career offender enhancement under the Guidelines should apply. He, however, contested the existence of a *1301 third predicate felony necessary to render him an armed career offender under the ACCA, albeit acknowledging that the court’s determination on that point would not change the sentencing calculation.
The colloquy between the court and counsel as to a potential third predicate felony for ACCA purposes focused on only one conviction: Davis’s 1991 conviction for burglary of a structure/conveyance. According to the PSR, Davis was discovered by police inside an automobile that he acknowledged was stolen. During the colloquy, the district judge expressed uncertainty as to why this burglary conviction would qualify as a predicate offense. He twice quoted verbatim the definition for a violent felony set out in § 924(e), which included the residual clause that was later struck by the Supreme Court in Johnson.[1] Then stating, “It sounds to me like it is covered,” the judge agreed that the ACCA enhancement should apply.
The PSR indicated that the career offender enhancement resulted in an adjusted offense level of 34, which when combined with a criminal history category of VI, yielded a sentencing range of 262-327 months. The PSR did not set out the offense level for the ACCA enhancement, but the Guidelines indicate, in pertinent part, that the offense level for that enhancement is the greater of the offense level for career offender or either a 33 or 34. See U.S.S.G. § 4B1.4 (b). Thus, the offense level triggered by the ACCA enhancement was also a level 34, yielding the same sentencing range as that for a career offender under the Guidelines, and the sentence ultimately imposed by the district court confirms this to be so. Ultimately, the district court imposed a 327-month sentence on both Counts 1 and 2, to run concurrently with each other, and a 60-month sentence on Count 3, to run consecutively. In imposing a sentence at the high end of the range, the district court set out, in detail, Davis’s long and violent criminal history.
The colloquy described above suggests that the district court relied on the residual clause in identifying a third predicate conviction for purposes of applying an ACCA enhancement as to the § 922(g) sentence. Thus, like the majority, I conclude that Davis has shown that, in violation of Johnson, the residual clause was likely used by the district court to count a prior conviction as an ACCA predicate offense. But unlike the majority, I do not conclude that Davis has shown that he would benefit from a Johnson challenge based on this fact. Why? Because the district court ran the 327-month sentence for Count 2, in which Davis was deemed a career offender, concurrently with the 327-month sentence imposed on Count 1, in which Davis was subject to an ACCA enhancement. And the sentence based on Davis’s career offender status is not vulnerable to a Johnson challenge.
In reaching this conclusion, I act under the assumption that Johnson and Welch could potentially apply to invalidate a defendant’s designation as a career offender under the Sentencing Guidelines if the residual clause of the Guidelines’ definition of a crime of violence was used in counting a prior conviction as a predicate crime of violence.[2] Yet, were Davis here leveling a Johnson challenge to the Guidelines’ en *1302 hancement for career offender status, he would clearly lose and, in fact, we would hold that he had not even made a prima face case as to such a challenge. We would reach that conclusion because, without any reliance on a residual clause, Davis clearly has two predicate convictions that render him a career offender.
Specifically, Davis’s prior predicate drug conviction is obviously unaffected by Johnson’s holding regarding the proper definition of a crime of violence. As to his second predicate offense, a Florida conviction for resisting an officer with violence, we have held, since Johnson, that such a conviction categorically qualifies as a violent felony for ACCA purposes, meaning that it would likewise qualify as a crime of violence for career offender purposes. See United States v. Hill, 799 F.3d 1318, 1322-23 (11th Cir. 2015).
In short, even if we were considering in this current application a Johnson challenge to the district court’s application of the Guidelines’ career offender enhancement, Davis could not make a prima facie showing that Johnson impacted that sentencing decision because he clearly had two qualifying predicate offenses. That being so, any success by Davis in validating his 327-month ACCA sentence on Count 1 will gain him nothing because the concurrent 327-month sentence based on Count 2 is unaffected by Johnson and remains valid.
In fact, in In re Williams, Nos. 16-13013, 826 F.3d 1351, 2016 WL 3460899 (11th Cir. June 24, 2016), we denied a federal prisoner’s application to file a successive § 2255 motion challenging a sentence based on an ACCA sentencing enhancement because the prisoner had also received a concurrent life sentence that was unrelated to the ACCA sentence that he sought to challenge. In doing so, we relied on the concurrent sentence doctrine and explained that when “a defendant has concurrent sentences on multiple counts of conviction and one count is found to be invalid, an appellate court need not consider the validity of the other counts unless the defendant would suffer ‘adverse collateral consequences from the unreviewed conviction.’ ” Id. at 1356, 2016 WL 3460899, at *4 (quoting United States v. Bradley, 644 F.3d 1213, 1294 (11th Cir. 2011)). Because Williams had received a concurrent sentence on a count that was “unrelated to his ACCA status” and “unaffected by Johnson,” we concluded that he was “unable to show that he would ‘benefit’ from Johnson” and his effort to file a successive § 2255 motion would be “an exercise in futility.” Id at 1357, 2016 WL 3460899, at *5.
So, it is here. Davis is serving a concurrent 327-month sentence for which Johnson offers him no relief and that is unaffected by any error in the ACCA-des-ignation,[3] meaning that even if his ACCA sentence is reduced, Davis will still be serving the same 327 months. Accordingly, I respectfully dissent from the decision to grant this application.

. Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

. Our precedent, however, indicates that Johnson, which invalidated the residual clause in the definition of a violent felony under the ACCA, does not apply to invalidate the residual clause in the Guidelines career offender provision. See United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015); accord In re Griffin, 823 F.3d 1350, 2016 WL 3002293 (11th Cir. May 25, 2016).

. The majority reads Williams as being limited to cases in which the unchallenged concurrent sentence results from a mandatory penalty set by statute. I do not read Williams as so limited. It is true that this happened to be the scenario in Williams. But one could envision other scenarios in which the valid, concurrent sentence was not a mandatory sentence set by statute. In such cases, if the valid, concurrent sentence was unrelated to the prisoner’s ACCA status and not potentially affected by the decision in Johnson, then Williams would control and the concurrent sentence doctrine would apply.