[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12866

Non-Argument Calendar

_____

PABLO ARRECHAVALETA,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent- Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 0:20-cv-61166-WPD,
0:09-cr-60245-WPD-4

_____

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Pablo Arrechavaleta, a federal prisoner, appeals from the district court's denial of his 28 U.S.C. § 2255 motion. He argues that the district court erred by denying relief on his claim that his 18 U.S.C. § 924(c) conviction is no longer valid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the statute's residual clause was unconstitutionally vague. The district court agreed that his Section 924(c) conviction was invalidated by *Davis*, but denied relief under the concurrent sentence doctrine. For the reasons below, we affirm.

## I.

Arrechavaleta was charged with: (1) conspiracy to commit Hobbs Act robbery, (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine, (3) attempted possession with intent to distribute five kilograms or more of cocaine, (4) conspiracy to use a firearm in relation to a crime of violence or drug trafficking crime, and (5) use of a firearm during a crime of violence (Count One) or drug trafficking crime (Counts Two and Three).

Arrechavaleta eventually pleaded guilty to Counts One (conspiracy to commit Hobbs Act robbery) and Five (use of a firearm during a crime of violence). In the written plea agreement, Count Five was identified as use of a firearm during a crime of violence in violation of Section 924(c), with the conspiracy charge in

Count One serving as the predicate offense. The plea agreement—unlike the superseding indictment—did not mention the drug trafficking crimes in Counts Two and Three as potential predicate offenses for the Section 924(c) violation. The drug trafficking charges were instead dismissed. During the change of plea colloquy, the sentencing court mentioned only the conspiracy charge in Count One when discussing the predicate offense for the Section 924(c) violation.

The court sentenced Arrechavaleta to terms of 33 months imprisonment on Count One and 60 months imprisonment on Count Five, set to run consecutively. It then imposed terms of three-years supervised release on Count One, and five-years supervised release on Count Five, set to run concurrently.

After completing his prison sentence and approximately two years of supervised release, Arrechavaleta violated his supervised release by traveling to Ohio with a convicted felon and committing felony credit card fraud. The government prosecuted Arrechavaleta for that crime in Ohio, he pled guilty, and an Ohio federal court sentenced him to 129 months imprisonment. In the Florida revocation proceeding, Arrechavaleta admitted that his actions in Ohio violated his supervised release. The Florida sentencing court sentenced him to eleven additional months imprisonment, to run consecutive to the Ohio sentence, with no additional supervised release to follow.

Arrechavaleta later filed a Motion to Vacate, Set Aside, or Correct Sentence under Section 2255. He argued, first, that his

conviction for Count Five—use of a firearm in committing a crime of violence in violation of Section 924(c)—was invalid because conspiracy to commit Hobbs Act robbery no longer qualified as a predicate crime of violence. *See Davis*, 139 S. Ct. at 2337; *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019). Second, he argued that counsel was ineffective in not moving to dismiss Count Five.

The district court denied the motion and held that the concurrent sentence doctrine served as grounds for denying relief. The district court further held that denying relief created no adverse collateral consequences for Arrechavaleta. Finally, it held that Arrechavaleta's trial counsel was not ineffective for failing to anticipate the change in the law announced in *Davis*. Arrechavaleta timely appealed.

## II.

When reviewing a district court's denial of a Section 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). The concurrent sentence doctrine is a "rule of judicial convenience" the application of which we review for abuse of discretion. *Benton v. Maryland*, 395 U.S. 784, 792 (1969); *see also United States v. Davis*, 730 F.2d 669, 671 n.2 (11th Cir. 1984).

### III.

Because the government concedes that Arrechavaleta's Section 924(c) conviction is no longer valid, the only issue is the district court's application of the concurrent sentence doctrine. Arrechavaleta first argues that applying the doctrine adversely impacted his sentence for the Ohio credit card fraud and his immigration status. He then argues that the district court should have applied the "sentencing package doctrine" to resentence him on Count One. We address each argument in turn.

Section 2255 allows federal prisoners to obtain post-conviction relief when a sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. The concurrent sentence doctrine provides that, if a defendant is given concurrent sentences on several counts and the conviction on one of those counts is valid, a court need not consider a challenge to the validity of the convictions on the other counts. *United States v. Bradley*, 644 F.3d 1213, 1293 (11th Cir. 2011). A court may decline review under the doctrine if the defendant will not suffer "adverse collateral consequences" from the unreviewed conviction. *In re Williams*, 826 F.3d 1351, 1356 (11th Cir. 2016). The doctrine remains applicable where "the likelihood of harm to the defendant in the form of adverse collateral consequences is so remote as to be insignificant." *Davis*, 730 F.2d at 671 n.2. The doctrine is not a jurisdictional bar, but merely a "rule of judicial convenience" that a court may invoke at its discretion. *Id.*

6                    Opinion of the Court                    20-12866

Because Arrechavaleta has already served his original prison sentence for the now-invalid Section 924(c) conviction, the only question is whether the 11-month prison sentence he received upon revocation of his supervised release should be vacated in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). Under the concurrent sentence doctrine, the answer is "no."

First, Arrechavaleta's Section 924(c) conviction did not affect his revocation sentence. Arrechavaleta committed the Ohio credit card fraud less than two years into his term of supervised release— well within the three-year term attached to his valid conviction for the Hobbs Act robbery conspiracy. The 11-month prison sentence the court imposed was below the two-year statutory maximum for violating a supervised release term based on Hobbs Act robbery conspiracy (a Class C felony). 18 U.S.C. § 3583(e)(3). Finally, the court revoked the five-year term of supervised release attached to the Section 924(c) conviction and ordered no additional supervised release following the 11-month prison term. In other words, Arrechavaleta's conduct violated his supervised release with or without the invalid conviction on his record, and the conviction had no discernible impact on his revocation sentence, which the district court explained "would have been the same had he just been on supervised release on Count One." In these circumstances, the district court's application of the concurrent sentence doctrine was appropriate.

Second, Arrechavaleta has not suffered adverse collateral consequences    because    of    the    district    court's    decision.

Arrechavaleta's immigration status is not adversely affected by his invalid conviction remaining in place because he is subject to removal on several other independent grounds. The Immigration and Nationality Act provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Arrechavaleta's valid Hobbs Act robbery conspiracy conviction—for which he served 33 months in prison—already qualifies him as an aggravated felon, rendering him removable by statute. 8 U.S.C. § 1101(a)(43)(G), (U) (an "aggravated felony" includes both "a theft offense . . . for which the term of imprisonment [is] at least one year" and "an attempt or conspiracy" to commit such an offense). Even if that were not the case, Arrechavaleta's commission of credit card fraud in Ohio is another independent basis for removal. 8 U.S.C. § 1101(a)(43)(M)(i) (an "aggravated felony" includes "an offense that–involves fraud or deceit in which the loss to the victim or victims exceeds $10,000").

Moreover, the Ohio sentence that Arrechavaleta argues was adversely affected by his invalid conviction was recently vacated. So whether the invalid conviction affected that sentence is now immaterial. Arrechavaleta was resentenced for the Ohio credit card fraud after briefs were filed in this appeal, at which point he had the opportunity to clarify that his Section 924(c) conviction was invalidated by *Davis* and ought not to affect his new sentence in that case. 139 S. Ct. at 2337. *See* U.S.S.G. § 4A1.2, cmt. n.6 ("Sentences resulting from convictions that . . . have been ruled constitutionally invalid in a prior case are not to be counted."); *see also United*

*States v. Cooper*, 203 F.3d 1279, 1287 (11th Cir. 2000) ("When a defendant, facing sentencing, sufficiently asserts facts that show that an earlier conviction is 'presumptively void,' the Constitution requires the sentencing court to review this earlier conviction before taking it into account.") (cleaned up) (quoting *United States v. Roman,* 989 F.2d 1117, 1120 (11th Cir.1993)).

Finally, Arrechavaleta also argues that, in addition to remanding to the district court with instructions to vacate his Section 924(c) conviction, we should instruct the district court to employ the "sentencing package doctrine" to resentence him on Count One. That doctrine is relevant only if we instruct the district court to vacate the invalid Section 924(c) conviction. *See United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014) ("[W]hen a conviction on one or more of the component counts *is vacated for good*, the district court should be free to reconstruct the sentencing package.") (emphasis added). Because we affirm the district court's decision declining to vacate Arrechavaleta's Section 924(c) conviction, the sentencing package doctrine is not a basis for relief.

## IV.

Accordingly, the district court did not abuse its discretion in applying the concurrent sentence doctrine and denying relief. The district court's decision is **AFFIRMED**.