[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13385
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00028-JDW-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK LEAKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 15, 2013)

Before BARKETT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Patrick Leaks appeals his convictions and sentences for being a felon in

possession of a .357 caliber pistol, in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2), possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and firearm possession in furtherance of that cocaine trafficking crime, in violation of 924(c). Leaks raises four arguments on appeal. First, Leaks asserts that he received constitutionally ineffective assistance of counsel when trial counsel's closing argument invited the jury to find Leaks guilty of his charge for being a felon in possession of a .357 caliber pistol and a lesser included offense of possession with the intent to distribute cocaine, *i.e.*, mere possession. Second, the district court erred when it found that Leaks' two prior convictions for fleeing and/or eluding were violent felonies for purposes of an Armed Career Criminal Act ("ACCA") enhancement. Third, Fla. Stat. § 893.101 is facially unconstitutional, and both of Leaks's prior convictions pursuant to that Florida statute used to enhance his sentence under 21 U.S.C. § 841(b)(1)(C), were void. Fourth, Leaks argues that his 360-month sentence was substantively unreasonable in light of his prior criminal record and because, in the instant case, Leaks only possessed a small amount of cocaine and did not brandish his weapon.

## I.

We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim or develop a factual record. *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010). The preferred means for deciding a claim of ineffective assistance of

counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance. *Id.* at 1328-29. Since the record does not contain any information about trial counsel's reasons for making the allegedly deficient litigation choices, the record is not sufficient to determine whether Leaks' counsel was ineffective. Therefore, on direct appeal, we decline to address Leaks's ineffective assistance of counsel claim.

## II.

Whether a prior conviction qualifies as a violent felony under the ACCA is a question of law that we review *de novo. United States v. Petite*, 703 F.3d 1290, 1292 (11th Cir. 2013). The ACCA provides that a person who violates 18 U.S.C. § 922(g) and has 3 previous convictions for a violent felony or a serious drug offense is subject to 15-year minimum sentence. *Id.*; s*ee also* 18 U.S.C. § 924(e). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The Supreme Court requires that courts determine whether a crime is a violent felony for ACCA purposes by the fact of conviction and the statutory definition of the offense, and generally not by considering the

3

particular facts disclosed by the record of conviction. *Petite*, 703 F.3d at 1294.  In

*Sykes v. United States*, 564 U.S. __, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011), the

Supreme Court concluded that vehicle flight from a law enforcement officer is

extraordinarily risky because of the dangerous confrontation between the offender

and law enforcement that ordinarily can be expected to ensue. *Petite*, 703 F.3d at

1296-97. Therefore, a prior conviction for vehicle flight, in violation of Fla. Stat.

§ 316.1935(2), qualifies as a violent felony under the ACCA. *Id.* at 1301.  Since

both of Leaks's convictions for fleeing and/or eluding involved intentional

vehicular flight, both convictions are predicate offenses under the ACCA. *See*

*Petite*, 703 F.3d at 1301. Therefore, the district court properly applied the ACCA

enhancement to Leaks's guideline range.

### III.

Whether a defendant can collaterally attack a prior conviction involves a

question of statutory construction and is subject to *de novo* review. *United States v.*

*Mikell*, 102 F.3d 470, 474 (11th Cir. 1996). To increase a defendant's punishment

due to one or more prior convictions, the United States Attorney must file with the

court an Information that states those prior convictions. 21 U.S.C. § 851(a)(1). No

person, who stands convicted of an offense under 21 U.S.C. § 841 *et seq.*, may

challenge the validity of any prior conviction, alleged under § 851, which occurred

more than five years before the date of the Information that alleged such prior

conviction. 21 U.S.C. § 851(e).

Leaks concedes that he did not contest the validity of his prior Fla. Stat. § 893.101 convictions within the five-year framework set forth in 21 U.S.C. § 851(e). Thus, § 851(e) bars Leaks's collateral challenge to his 21 U.S.C. § 841(b)(1)(C) enhancement.

## IV.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We review the ultimate sentence and not each decision made during the sentencing process. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).  Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.* A district court abuses its discretion when it balances the U.S.S.G. § 3553(a) factors unreasonably or places unreasonable weight on a single factor. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We reverse only if "left with

the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation omitted).

Leaks' total sentence was at the lowest point of the advisory guidelines range. Even if the instant offense involved only possession of a small amount of cocaine, and Leaks did not brandish his weapon, Leaks violently resisted apprehension and actually possessed a loaded firearm prior to his flight. In any event, Leaks's criminal history was a significant factor in why Leaks's guideline range was as high as it was, and the district court noted that Leaks's criminal history was both violent and similar to the crimes for which he was convicted in the instant case. Therefore, Leaks has failed to establish that the district court abused its discretion or that his total sentence was substantively unreasonable.

**AFFIRMED.**