[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-10021
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00028-JDW-AAS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK LEAKS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 1, 2020)

Before: WILSON, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Patrick Leaks, a prisoner proceeding pro se, appeals the denial of his second

motion for reconsideration of the district court order denying his motion for a

reduction of sentence.  The government moved for summary affirmance and

sought to stay the briefing schedule.  After careful review, we grant the government's motion and affirm the district court.

## I.

In 2011, a jury convicted Leaks of one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count 1"); one count of knowingly possessing a substance or mixture containing cocaine, in violation of 18 U.S.C. § 841(a)(1) ("Count 2"); and one count of knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count 3").

The presentence investigation report ("PSR") grouped Counts 1 and 2 and assigned a base offense level of 24 under United States Sentencing Guidelines § 2K2.1(A)(2), based on Leaks's two prior convictions for felony fleeing and eluding.  The PSR determined that Leaks was a career offender under Guidelines § 4B1.1 because he had at least two prior felony convictions that were crimes of violence or controlled substance offenses.  His prior convictions include one for felony aggravated assault and two for felony fleeing and eluding.  And, based on these same three prior convictions, the PSR also designated Leaks as an armed career criminal under Guidelines § 4B1.4 because he was convicted of violating § 922(g) and had at least three prior convictions for violent felonies or serious drug offenses.

The PSR calculated Leaks's final offense level as 34. Because Leaks possessed a firearm in connection with a controlled substance offense, the PSR assigned Leaks a criminal history category of VI under Guidelines § 4B1.4(c). This resulted in a guideline range of 262- to 327-months imprisonment. But because Leaks was classified as a career offender, the PSR set his guideline range as 360-months to life imprisonment, which included a consecutive 60-month sentence for Count 3.

At sentencing, Leaks objected to the PSR's reliance on his convictions for felony fleeing and eluding in classifying him as a career offender and an armed career criminal. He also argued that the government failed to prove by a preponderance of the evidence that he had a prior conviction for aggravated assault. The district court overruled Leaks's objections and adopted the PSR's guidelines calculations. It found that Leaks was properly classified as a career offender and an armed career offender. It sentenced Leaks to a term of 300 months as to Counts 1 and 2, to run concurrently; 60 months as to Count 3, to run consecutively to Counts 1 and 2; and a total of 6 years supervised release.

Leaks appealed his convictions and sentence and a panel of this Court affirmed. United States v. Leaks, 518 F. App'x 860, 863 (11th Cir. 2013) (per curiam) (unpublished). As relevant here, the panel held that Leaks's two convictions for felony fleeing and eluding qualified as violent felonies under the

Armed Career Criminal Act ("ACCA").  Id. at 862.  For this reason the district court did not err in classifying Leaks as an armed career criminal and imposing a sentencing enhancement under Guidelines § 4B1.4.  Id.  The panel also rejected Leaks's argument that his sentence was substantively unreasonable.  Id. at 863.

In 2014, Leaks filed a motion for a sentence reduction under 18 U.S.C. § 3582(c), based on a post-sentencing amendment to the Sentencing Guidelines. Amendment 782 amended the Guidelines by altering the base offense levels for drug quantities listed in Guidelines § 2D1.1.  See USSG App. C, Amend. 782 (2014).  The district court denied Leaks's motion.  It reasoned that, because Leaks was sentenced as an armed career offender under § 4B1.4, and not under § 2D1.1, Amendment 782 did not change his guidelines range.  This meant he was not eligible for a sentence reduction under 18 U.S.C. § 3582(c).

Leaks moved for reconsideration.  He argued that, in his separate proceedings under 28 U.S.C. § 2255, the government conceded that he was no longer an armed career criminal after Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).  He claimed this made him eligible for a sentence reduction based on Amendment 782.

The district court granted Leaks's motion and ordered the probation office to update Leaks's PSR.  After considering the updated PSR, the district court found Leaks ineligible for sentence reduction.  Even though Leaks no longer qualified as

4

an armed career criminal under § 4B1.4, he remained a career offender under § 4B1.1(a), which meant that his Guidelines range remained the same as at his original sentencing.

Leaks filed a second motion for reconsideration. He argued that he also did not qualify as career offender under § 4B1.1 because his convictions for fleeing and eluding were not crimes of violence under § 4B1.2(a)(2). The district court denied the motion. It held that Leaks's argument was foreclosed by United States v. Orisnord, 483 F.3d 1169 (11th Cir. 2007), in which a panel of this Court held that fleeing and eluding constitutes a crime of violence for purposes of the career-offender enhancement under § 4B1.2. Id. at 1183. Because Leaks's guideline range was based on his classification as a career offender, the district court again found him ineligible for a sentence reduction. Leaks timely appealed.

## II.

We review de novo the scope of a district court's authority to modify a sentence under § 3582(c). United States v. Anderson, 772 F.3d 662, 666 (11th Cir. 2014). We review for abuse of discretion the decision to grant or deny a sentence reduction under § 3582(c). United States v. Caraballo-Martinez, 866 F.3d 1233, 1238 (11th Cir. 2017).

Summary affirmance is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to

5

the outcome of the case." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

### III.

In his opening brief, Leaks argued that the district court erred in classifying him as a career offender based on his convictions for fleeing and eluding. The government then filed a motion for summary affirmance and asked to stay the briefing schedule. After careful review, we conclude that Leaks is not entitled to a sentence reduction and summary affirmance is warranted.

A district court may reduce a defendant's sentence if the term of imprisonment was based on a sentencing range subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). To do so, the district court must recalculate the sentence under the amended guidelines and determine what sentence it would have imposed under the amended guideline range. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Then the district court must "decide whether, in its discretion, it will elect to impose the newly calculated sentence . . . or retain the original sentence." Id. at 781. Section 3582(c) does not grant the court jurisdiction to consider "extraneous resentencing issues." Id. at 782. So, in calculating a sentencing adjustment pursuant to § 3582(c), "all original

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

6

sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. at 781 (emphasis omitted). A district court cannot reduce a defendant's sentence under § 3582(c)(2) below the amended guideline range unless the defendant was granted a sentence reduction for providing substantial assistance at his original sentencing. See USSG § 1B1.10(b)(2); United States v. Colon, 707 F.3d 1255, 1259 (11th Cir. 2013).

Here, Amendment 782 made no changes to Leaks's guideline range. He was not, therefore, entitled to relief under § 3582(c)(2). Amendment 782 altered § 2D1.1(c) of the Guidelines to lower the base offense levels applicable to certain drug offenses. See USSG App. C, Amend. 782. But, as the district court correctly held, Leaks was sentenced as a career offender, so his guideline range was set by § 4B1.1(b), which Amendment 782 did not alter. The district court therefore lacked authority to adjust Leaks's sentence under § 3528(c)(2). See United States v. Moore, 541 F.3d 1323, 1328 (11th Cir. 2008) (holding that defendants sentenced as career offenders were ineligible for sentence adjustment based on an adjustment to the Sentencing Guidelines that lowered their base offense levels but did not affect their higher career offender guidelines range).

Leaks argues that he does not qualify as a career offender because his prior convictions for fleeing and eluding do not qualify as crimes of violence. But the

7

district court lacked authority to resentence him based on this argument, since in § 3582(c) proceedings "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Bravo, 203 F.3d at 781. And even if the district court could consider this question in a § 3582(c) resentencing, it correctly determined that Leaks's argument was foreclosed by Orisnord, which held that a conviction for fleeing and eluding constitutes a crime of violence for purposes of the career-offender enhancement. 483 F.3d at 1183.

We therefore conclude there is no substantial question as to whether the district court erred in denying Leaks's motion for reconsideration. The government's motion for summary affirmance is GRANTED. The government's motion to stay the briefing schedule is DENIED as moot.

**AFFIRMED.**

8