[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-12538

_____

PATRICK LEAKS,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 8:14-cv-00582-JDW-AAS,
8:11-cr-00028-JDW-AAS-1

_____

Before L‌UCK, L‌AGOA, and T‌JOFLAT, Circuit Judges.

L‌UCK, Circuit Judge:

Patrick Leaks appeals the denial of his 28 U.S.C. section 2255 motion, which raised fifteen ineffective assistance of counsel claims. We granted Leaks a certificate of appealability on whether the district court properly denied his third and eighth claims. In his third claim, Leaks alleged that his trial counsel was ineffective for failing to argue that his prior convictions for eluding arrest were not violent felonies under the Armed Career Criminal Act because the Act's residual clause was unconstitutionally vague. In his eighth claim, Leaks alleged that his trial counsel was ineffective for failing to argue that his prior convictions for cocaine possession were not felony drug offenses under 21 U.S.C. section 841(b)(1)(C) because they lacked a mens rea element.

After careful review and with the benefit of oral argument, we conclude that the district court properly denied Leaks's claims. His third claim was properly denied because his trial counsel was not deficient, and even if she was, Leaks was not entitled to relief under the concurrent sentence doctrine. And his eighth claim was properly denied because his trial counsel was not deficient for failing to raise the nonmeritorious argument that his prior cocaine convictions were required to have a mens rea element to qualify as felony drug offenses under section 841(b)(1)(C). So, we affirm the district court's order denying Leaks's section 2255 motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2010, Leaks was arrested after officers saw him selling drugs from his girlfriend's car. The officers seized thirteen and a half grams of cocaine, one gram of marijuana, and a handgun from the car. A federal grand jury indicted Leaks on three counts. Count one was for possession of a firearm as a convicted felon in violation of 18 U.S.C. section 922(g)(1). Count two was for possession with the intent to distribute cocaine in violation of 21 U.S.C. section 841(a)(1). And count three was for possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. section 924(c). A jury convicted Leaks on all three counts.

In 2012, when Leaks was convicted, possessing a firearm as a felon (count one) typically carried a ten-year maximum prison sentence. 18 U.S.C. § 924(a)(2) (2012). But where a defendant had three prior convictions for violent felonies or serious drug offenses, the maximum sentence was enhanced to life imprisonment under the Armed Career Criminal Act. 18 U.S.C. § 924(e) (2012).

Likewise, in 2012, possessing thirteen grams of cocaine with the intent to distribute it (count two) normally carried a maximum sentence of twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C) (2012). But where a defendant had a prior conviction for a felony drug offense, the maximum sentence was enhanced to thirty years' imprisonment under section 841(b)(1)(C). *Id.*

In calculating Leaks's sentence, the probation office applied both enhancements because of his prior convictions. Leaks had (among others) a prior aggravated assault conviction, two eluding

arrest convictions, and two cocaine possession convictions. The probation office treated Leaks's prior convictions for aggravated assault and eluding arrest as violent felonies under the Armed Career Criminal Act, triggering the enhanced maximum sentence of life imprisonment for count one. And the probation office treated Leaks's prior cocaine possession convictions as felony drug offenses under section 841(b)(1)(C), triggering the enhanced thirty-year maximum sentence for count two. Partly based on the enhanced maximum sentences, the probation office set Leaks's advisory guideline range at 360 months to life imprisonment.

Leaks objected to the enhanced maximum sentences for counts one and two. First, Leaks argued that his prior eluding arrest convictions were not violent felonies under the Armed Career Criminal Act's residual clause (or any of the other clauses), so he did not qualify for the enhanced maximum sentence of life imprisonment. Second, Leaks asserted that his prior cocaine possession convictions were unconstitutional because they lacked a mens rea element. Because his prior cocaine possession convictions were unconstitutional, he maintained that they should not count as felony drug offenses for the enhanced thirty-year maximum sentence under section 841(b)(1)(C).

The district court overruled Leaks's objections, applied the enhanced maximum sentences for counts one and two, and sentenced Leaks to 360 months' imprisonment. Specifically, the district court sentenced Leaks to 300 months' imprisonment as to count one, 300 months' imprisonment as to count two, and sixty

months' imprisonment as to count three. The sentences for counts one and two were to run concurrent with each other, while the sentence for count three was consecutive to the other two counts.

Leaks appealed his sentence. *See United States v. Leaks*, 518 F. App'x 860, 861 (11th Cir. 2013). As he did in the district court, Leaks argued that his prior eluding arrest convictions were not violent felonies under the Armed Career Criminal Act's residual clause, and that his prior cocaine possession convictions were unconstitutional and, thus, they could not count as felony drug offenses under section 841(b)(1)(C). *Id.* Rejecting his arguments, we explained that his prior eluding arrest convictions were violent felonies under the Armed Career Criminal Act's residual clause based on then-binding Supreme Court and Eleventh Circuit precedent. *Id.* at 862 (citing *Sykes v. United States*, 564 U.S. 1 (2011), *overruled by Johnson v. United States*, 576 U.S. 591 (2015); *United States v. Petite*, 703 F.3d 1290 (11th Cir. 2013), *abrogation recognized by Del Castillo v. Sec'y, Fla. Dep't of Health*, 26 F.4th 1214, 1224 n.3 (11th Cir. 2022)). We also concluded that Leaks's challenges to his prior cocaine possession convictions were barred because the prior convictions occurred more than five years before the government filed its information notifying Leaks that the convictions would be used to enhance his sentence. *Id.* at 862–63 (citing 21 U.S.C. § 851(e)). Thus, we affirmed. *Id.* at 863.

Then, Leaks filed a section 2255 motion seeking to vacate his sentence based on fifteen claims of ineffective assistance of counsel. In his third claim, Leaks pointed to *Johnson v. United States*,

which concluded that the Armed Career Criminal Act's residual clause was unconstitutionally vague. *See* 576 U.S. at 606. Based on *Johnson*, Leaks alleged that his trial counsel was ineffective for failing to argue that his prior eluding arrest convictions were not violent felonies because the Armed Career Criminal Act's residual clause was unconstitutionally vague. In his eighth claim, Leaks pointed to *McFadden v. United States*, 576 U.S. 186 (2015), which he read as holding that the definition of felony drug offense under section 841(b)(1)(C) requires a mens rea element. Based on *McFadden*, Leaks alleged that his trial counsel was ineffective for failing to argue that his prior cocaine possession convictions were not felony drug offenses under section 841(b)(1)(C) because they lacked the required mens rea element. As relief, Leaks argued that he was entitled to resentencing because his trial counsel's errors caused his sentences for counts one and two to exceed the unenhanced maximum sentences.

The magistrate judge recommended denying Leaks's section 2255 motion. As to Leaks's third claim, the magistrate judge acknowledged that, under *Johnson*, Leaks's prior eluding arrest convictions no longer qualified as violent felonies under the Armed Career Criminal Act. Even so, the magistrate judge recommended denying relief based on the concurrent sentence doctrine because Leaks was serving identical 300-month concurrent sentences for counts one and two and the *Johnson* error only affected his sentence for count one. Resentencing Leaks to fix the *Johnson* error would be unnecessary as he would still be serving the same 360-month prison sentence for counts two and three. The magistrate judge

also recommended denying Leaks's eighth claim because the definition of felony drug offense under section 841(b)(1)(C) did not require a mens rea element for prior convictions, so his prior cocaine possession convictions were felony drug offenses and he qualified for the maximum thirty-year sentence.

The district court adopted the magistrate judge's recommendations. Specifically, the district court denied Leaks's third claim because, under the concurrent sentence doctrine, Leaks failed to show that he would suffer any adverse collateral consequences if the *Johnson* error went uncorrected. The district court also denied Leaks's eighth claim, agreeing with the magistrate judge that section 841(b)(1)(C) did not have a mens rea element and that Leaks's prior cocaine possession convictions were felony drug offenses.

We granted Leaks a certificate of appealability on whether the district court erred in denying his third and eighth claims. This is Leaks's appeal.

### STANDARD OF REVIEW

"In a proceeding on a motion to vacate, set aside, or correct sentence, we review the district court's factual findings for clear error and legal determinations de novo." *United States v. Pickett*, 916 F.3d 960, 964 (11th Cir. 2019).

## DISCUSSION

We begin by considering whether the district court erred in denying Leaks's third claim. Then, we address whether the district court erred in denying his eighth claim.

*Third claim: Trial counsel was ineffective for failing to argue that Leaks's prior eluding arrest convictions were not violent felonies*

In his third claim, Leaks alleged that his trial counsel was ineffective for failing to argue that his prior eluding arrest convictions were not violent felonies under the Armed Career Criminal Act because the Act's residual clause was unconstitutionally vague. But because his trial counsel's performance was not deficient, and the district court properly applied the concurrent sentence doctrine, it did not err in denying his third claim.

To prevail on his ineffective assistance of counsel claim, Leaks had to show that (1) his trial "counsel's performance was deficient" and (2) "the deficient performance prejudiced" him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Leaks "b[ore] the burden of proof on the 'performance' prong as well as the 'prejudice' prong.'" *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). Specifically, under *Strickland*'s performance prong, Leaks had the "heavy burden of showing that no competent counsel would have taken the action that his counsel did take." *Bates v. Sec'y, Fla. Dep't of Corr.*, 768 F.3d 1278, 1288 (11th Cir. 2014) (quotation omitted).

Leaks has not met his heavy burden because his trial counsel *did* argue that his prior eluding arrest convictions were not violent

felonies under the Armed Career Criminal Act. And his trial counsel was not ineffective merely because the argument was unsuccessful. *See Ward v. Hall*, 592 F.3d 1144, 1164 (11th Cir. 2010) ("We have long held that the fact that a particular defense was unsuccessful does not prove ineffective assistance of counsel."). Leaks's objection to his sentence failed not because of his trial counsel's deficient performance, but because, at the time of the sentencing hearing and on direct appeal, then-binding Supreme Court and Eleventh Circuit precedent held that his two prior convictions for eluding arrest were violent felonies under the Act's residual clause. *See Leaks*, 518 F. App'x at 862 (citing *Sykes*, 564 U.S. at 1; *Petite*, 703 F.3d at 1290).

In any event, even if his trial counsel's performance was deficient, the district court did not err in denying relief based on the concurrent sentence doctrine. *See United States v. Bradley*, 644 F.3d 1213, 1293–94 (11th Cir. 2011). Under the concurrent sentence doctrine, a court may decline to fix a sentencing error if a defendant has identical concurrent sentences on several counts and the sentence on at least one of the counts is unaffected by the error. *See id.* (citing *United States v. Fuentes-Jimenez*, 750 F.2d 1495, 1497 (11th Cir. 1985)). This is a discretionary rule of "judicial convenience," rather than a "jurisdictional bar to review." *Fuentes-Jimenez*, 750 F.2d at 1497 (citing *Benton v. Maryland*, 395 U.S. 784, 789–91 (1969)).

Still, there's a limit on the district court's discretion to decline to grant relief under the concurrent sentence doctrine. The concurrent sentence doctrine does not apply where "there is a

significant likelihood that the defendant[] will suffer adverse collateral consequences from the unreviewed" error. *See id.* (quotation omitted); *In re Williams*, 826 F.3d 1351, 1357 (11th Cir. 2016) (applying the "adverse collateral consequences" standard to sentencing errors); *Bradley*, 644 F.3d at 1293–94 (same).

In this case, Leaks was sentenced to 360 months' imprisonment based on two identical 300-month concurrent sentences for counts one and two, and a sixty-month consecutive sentence for count three. But the *Johnson* error only impacted Leaks's sentence on count one and not his identical 300-month sentence on count two or his consecutive sixty-month sentence on count three. As Leaks conceded at oral argument, he would still be serving the same 360 months' imprisonment sentence even if he were granted relief on count one. Because fixing the *Johnson* error wouldn't change Leaks's sentence, the district court was within its discretion to apply the concurrent sentence doctrine and deny Leaks's third claim. *See Williams*, 826 F.3d at 1357; *Bradley*, 644 F.3d at 1293–94.

In response, Leaks argues that the limitation on the district court's discretion under the concurrent sentence doctrine applies here because if the *Johnson* error is not fixed on count one, he could be eligible for an increased maximum penalty if he violates his supervised release down the road.[1] Leaks contends that the

---

[1] Leaks also argues that the district court erred in placing the burden on him to show that he would suffer adverse collateral consequences if his sentence for count one was not corrected. But the cases he relies on are direct appeals

maximum sentence for violating supervised release is governed by the classification of his conviction. *See* 18 U.S.C. § 3583(e)(3). Count one, without the enhancement under the Armed Career Criminal Act, is a class C felony that carries a two-year maximum sentence for violating supervised release. *See* 18 U.S.C. §§ 3583(e)(3), 3559(a)(3). With the enhancement under the Act, count one turns into a class A felony that carries an enhanced five-year maximum sentence for violating supervised release. *See* 18 U.S.C. §§ 3583(e)(3), 3559(a)(1).

But this five-year maximum sentence will come into play only if Leaks: (1) fully serves his thirty-year prison sentence; (2) then violates his supervised release; (3) the violation is a serious

---

from criminal convictions. *See, e.g.*, *United States v. Caldwell*, 776 F.2d 989, 1006 n.21 (11th Cir. 1985) (declining to apply the concurrent sentence doctrine in a direct appeal of the defendant's six mail fraud convictions); *United States v. Davis*, 730 F.2d 669, 671 n.2 (11th Cir. 1984) (declining to apply the concurrent sentence doctrine in a direct appeal of the defendant's four convictions for making false representations in loan applications). In a direct appeal, the government bears the burden to show that a sentencing error was harmless. *See, e.g.*, *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). On the other hand, in a section 2255 proceeding, the petitioner bears the burden to show he is entitled to relief. *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) ("[A section] 2255 movant bears the burden to prove the claims in his [section] 2255 motion." (quotation omitted)); *see also Johnson*, 256 F.3d at 1176 (explaining that the petitioner bears the burden to prove ineffective assistance of counsel). In any event, even if it was the government's burden to show that applying the concurrent sentence doctrine would not result in adverse collateral consequences, the government met its burden because, as Leaks concedes, he would still have to serve his 360-month sentence if the district court granted relief on count one.

(as opposed to a minor) one; and (4) finally, the district court sentences him for the violation to greater than two years' imprisonment. This remote series of contingent events fails to show that "there is a significant likelihood" of "adverse collateral consequences," *see Fuentes-Jimenez*, 750 F.2d at 1497 (quotation omitted), especially considering that this "highly speculative" scenario "could not occur unless [Leaks] chooses to commit serious violations of law." *See Eason v. United States*, 912 F.3d 1122, 1124 (8th Cir. 2019) (cleaned up) (concluding that the concurrent sentence doctrine applied even though the defendant's armed career criminal status caused a potentially higher maximum penalty for violating supervised release); *see also United States v. Charles*, 932 F.3d 153, 161 (4th Cir. 2019) (same). We affirm the denial of Leaks's third claim.[2]

*Eighth claim: Trial counsel was ineffective for failing to argue that Leaks's prior cocaine possession convictions were not felony drug offenses*

In his eighth claim, Leaks alleged that his trial counsel was ineffective for failing to argue that his prior cocaine possession convictions were not felony drug offenses under section 841(b)(1)(C)

---

[2] In one sentence in his reply brief, Leaks argues that his prior aggravated assault conviction also was not a violent felony under the Armed Career Criminal Act, citing *Borden v. United States*, 593 U.S. 420 (2021). We "refuse[] to consider issues raised for the first time in an appellant's reply brief." *See United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004). But even if we did, Leaks's prior aggravated assault conviction is a violent felony under the Act. *See Somers v. United States*, 66 F.4th 890, 896 (11th Cir. 2023) ("[W]e hold that aggravated assault under Florida law categorically qualifies as a 'violent felony' under the [Armed Career Criminal Act's] elements clause.").

because they lacked a mens rea element. But because section 841(b)(1)(C) does not require that a prior conviction have a mens rea element to be a felony drug offense, "the failure to raise [this] nonmeritorious issue[] d[id] not constitute ineffective assistance." *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

"[F]elony drug offense," as used in section 841(b)(1)(C), is "defined exclusively by [21 U.S.C. section] 802(44)." *See Burgess v. United States*, 553 U.S. 124, 126 (2008). Section 802(44), in turn, defines "[f]elony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law . . . of a state . . . that prohibits or restricts conduct relating to narcotic drugs." 21 U.S.C. § 802(44).

By its plain terms, section 802(44) does not require a "felony drug offense" to have a mens rea element. *See id.* As we explained in *United States v. Smith*, we cannot simply read a mens rea requirement into a statutory penalty's definition when Congress left no room to do so. *See* 775 F.3d 1262, 1267 (11th Cir. 2014) (concluding that the definition of "serious drug offense" in the Armed Career Criminal Act did not include a mens rea element and that Florida Statutes section 893.13 drug convictions, therefore, qualified as "serious drug offense[s]"). Instead, we must presume Congress "said what [it] meant and meant what [it] said." *Id.* (quoting *United States v. Strickland*, 261 F.3d 1271, 1274 (11th Cir. 2001)). Section 802(44) only requires a predicate "felony drug offense" to (1) be "punishable by imprisonment for more than one year" and (2) involve a law

that "prohibits . . . conduct relating to narcotic drugs." *See* 21 U.S.C. § 802(44).

Applying that definition to this case, Leaks's two prior cocaine possession convictions in violation of Florida Statutes section 893.13(6)(a) involved cocaine, a "narcotic drug" under 21 U.S.C. section 802(17)(D), and were punishable by up to five years' imprisonment. *See* Fla. Stat. §§ 893.13(6)(a), 775.082(3)(e). So, Leaks's prior cocaine convictions were "felony drug offense[s]" and his maximum sentence on count two was properly enhanced to thirty years' imprisonment under section 841(b)(1)(C). *See* 21 U.S.C. § 802(44). Leaks's trial counsel was not deficient for failing to argue otherwise at the sentencing hearing. *See Bolender*, 16 F.3d at 1573.

Leaks offers two responses. First, he contends that, in *McFadden*, the Supreme Court held that a prior conviction without a mens rea element cannot be a felony drug offense under section 841(b)(1)(C). But *McFadden* didn't say that, and the case doesn't apply here. In *McFadden*, the Supreme Court explained that violations of the Controlled Substance Analogue Enforcement Act have the same elements as violations of the Controlled Substance Act in section 841. *See* 576 U.S. at 191; *see also* 21 U.S.C. § 813. Because the Controlled Substance Act requires the government to prove that a defendant "knowingly" distributed a controlled substance, *see* 21 U.S.C. § 841(a), the same mens rea element applies to violations of the Controlled Substance Analogue Enforcement Act. *McFadden*, 576 U.S. at 193–94. *McFadden* had nothing to do with defining statutory sentence enhancements, much less section 802(44)'s

"exclusive[]" definition of a "felony drug offense." *See Burgess*, 553 U.S. at 126.

Second, Leaks argues that his prior cocaine possession convictions were not felony drug offenses because the minimum penalty for violating Florida Statutes section 893.13(6)(a) is less than a year in prison. In other words, Leaks believes that courts must look to the minimum penalty for the prior conviction to determine whether it qualifies as a felony drug offense. [*See id.*] But Leaks's argument is inconsistent with *Burgess*. There, the defendant's mandatory sentence was increased to twenty years' imprisonment under section 841(b)(1)(A)—which at the time required an enhanced mandatory sentence if the defendant had a prior conviction for a felony drug offense—based on the defendant's prior conviction for cocaine possession. *Burgess*, 553 U.S. at 126–128. Because the prior conviction was punishable by up to two years' imprisonment, the Supreme Court concluded that this conviction was a felony drug offense under section 802(44), "regardless of the . . . classification" and minimum penalty for the offense. *See id*. at 127 n.2, 129–30.

*Burgess* drives the same conclusion here. Because Leaks's prior cocaine possession convictions were punishable by up to five years' imprisonment, his convictions were felony drug offenses that properly enhanced his maximum sentence to thirty years for count two.

**AFFIRMED.**